IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

LAWANDA M. FREEMAN,

    Debtor.

Case No. 22-00619-DSC13

**LVNV FUNDING, LLC'S RESPONSES TO DEBTOR'S OBJECTIONS TO CLAIMS**

COMES NOW, LVNV Funding, LLC ("LVNV"), and files this Response to the Debtor's Objections to Claims [Docs. 31, 32, 33, 34, 35, 36, 37, 38, 39, 40], respectfully showing this Honorable Court as follows:

1. On June 27, 2022, the Debtor filed objections to all ten of the proofs of claim that LVNV filed in this case (Claim Nos. 2, 11, 12, 13 14, 15, 16, 18, 20, 21).

2. All of LVNV's claims are based on unpaid credit card debt. *See* Claim Nos. 2, 11, 12, 13 14, 15, 16, 18, 20, 21.

3. All of the Debtor's objections, except for her objection to Claim No. 2, is based on the assertion that the "claim was not properly executed in accordance with Bankruptcy Rule 3001(b)" and that "[n]one of the required documents were attached in accordance with Bankruptcy Rule 3001(c), (d), (e)." [Docs. 32, 33, 34, 35, 36, 37, 38, 39, 40]. The objection to Claim No. 2 states that "[t]his claim is barred by the Statute of Limitations Sec. 6-2-37 Code of Alabama – on an open or unliquidated account." [Doc. 31].

4. LVNV will first address the objection to Claim No. 2. Under Ala. Code § 6-2-37(1), a three-year statute of limitations applies to "[a]ctions to recover money due by open or unliquidated account, the time to be computed from the date of the last item of the account or from the time when, by contract or usage, the account is due."

1

5. Claim No. 2 shows that the last transaction date on the account was November 29, 2016. Utilizing this date, the statute of limitations – without any tolling or extension – would have expired on November 29, 2019. However, the Debtor was in the midst of a previous bankruptcy case on that date. *See In re Freeman*, No. 18-01970-DSC13 (Bankr. N.D. Ala.). That case was filed on May 10, 2018, and dismissed on March 9, 2022. Under 11 U.S.C. § 108(c), if a statute of limitations expires while the automatic stay is in effect, the expiration of the statute of limitations is extended "30 days after notice of the termination or expiration of the stay . . . ." This, the expiration was initially extended to April 8, 2022. However, the Debtor filed the instant case before the extended expiration date and then obtained an order on April 5, 2022, extending the automatic stay "for the duration of this case subject to further orders of this court." [Doc. 21]. As such, the statute of limitations is again extended until 30 days after the stay expires in the instant case.

6. The remaining claim objections are baseless. First, the Debtor claims that they were not executed in accordance with Rule 3001(b), which states that "[a] proof of claim shall be executed by the creditor or creditor's authorized agent except as provided in Rules 3004 and 3005." Every claim at issue is signed by Resurgent Capital Services, and every claim at issue attaches a signed and recorded copy of a limited power of attorney granting Resurgent the authority to execute and file proofs of claim on behalf of LVNV.

7. The other basis for the objections is that the proofs of claim do not contain the documentation required by Rule 3001(c), (d), and (e). Initially, subsection (d) is about secured claims, so that is inapplicable here. Subsection (e) concerns transfers of claim. Section (e)(1) is the only subsection of (e) that applies in this case since all the claims at issue claims that were transferred other than for security before proofs of claim were filed. Section (e)(1) states that "if

2

Case 22-00619-DSC13    Doc 50    Filed 08/01/22    Entered 08/01/22 12:36:01    Desc Main
Document    Page 2 of 4

a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee." It does not require any documents be attached. With respect to subsection (c), only section (c)(3) applies since all the claims are based on an open-end or revolving consumer credit agreement. That section requires that the only document that needs to be filed with such a proof of claim is a statement containing five categories of information. All the claims at issue have that statement attached thereto. The Debtor's objections are meritless and should be overruled.

8. LVNV's proofs of claim are entitled to prima facie validity under Rule 3001(f) and "[t]he Debtor 'bears the burden of rebutting the presumption through 'facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim.'" *In re Beasley*, No. 18-04268-DSC13, 2019 WL 3403361, at *7 (Bankr. N.D. Ala. July 3, 2019) (citations omitted). The Debtor has failed to present any facts whatsoever in his objections that would defeat the claims.

WHEREFORE, LVNV respectfully requests that this Court overrule the Debtor's objections [Docs. 32, 33, 34, 35, 36, 37, 38, 39, 40].

Respectfully submitted, this 1st day of August, 2022.

*/s/Amanda M. Beckett*
Amanda M. Beckett (ASB-1884-N75B)
**RUBIN LUBLIN, LLC**
428 N. Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(470) 508-9203 (Facsimile)
abeckett@rlselaw.com

*Attorney for LVNV Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of August, 2022, filed the within and foregoing via CM/ECF, which will serve notice on all necessary parties.

*/s/Amanda M. Beckett*
Amanda M. Beckett (ASB-1884-N75B)

4